Charles DUGGER *v.* STATE of Arkansas

CR 02-637                                                    94 S.W.3d 924

Supreme Court of Arkansas
Opinion delivered January 16, 2003

*Ronald Carey Nichols*, for appellant.

No response.

P ER CURIAM. On October 10, 2002, our court concluded that Mr. Charles Dugger's attorney, Ronald Carey Nichols, had filed a timely notice of appeal from Dugger's conviction judgment, but failed to file the record with this court in order to perfect Dugger's appeal. *See Dugger v. State*, No. CR

02-637 (Oct. 10, 2002). Mr. Nichols's failure to file the record resulted in this court ordering him to appear before us on Thursday, January 9, 2003, at 9:00 a.m., and to show cause why he should not be held in contempt. Mr. Nichols appeared before us on January 9 and pled guilty to contempt, conceding his failure to take proper action, which has caused Dugger's appeal not to be perfected for more than one year. In mitigation, Mr. Nichols blamed his delay on having had an illness and death in his family,[1] and he also related that when he went to pick up the record, he was told by the court clerk that some unknown woman had already picked up the transcript. Mr. Nichols claims he had tendered payment for the record.[2]

As we noted in our October 10, 2002, per curiam, Rule 16 of the Rules of Appellate Procedure—Criminal provides that trial counsel must continue to represent a convicted defendant throughout any appeal unless the trial court or appellate court permits counsel to withdraw. Mr. Nichols has never been relieved of his responsibility in this case, and in fact, Mr. Nichols agreed that the trial court had previously denied his request to withdraw.

■ We agree that Mr. Nichols is in contempt, and we impose a fine of $250.00 which shall be paid within thirty days from the date of this per curiam. Nichols announced in court that he believed that he could have the record in this case filed within thirty days, and we direct that he do so. A copy of this per curiam will be forwarded to the Professional Conduct Committee.

---

[1] Mr. Nichols offered mitigating circumstances in an earlier, unrelated show cause hearing in *Bowden v. State*, 325 Ark. 316, 925 S.W.2d 158 (1996) (per curiam).

[2] It is unclear who paid for the transcript. Mr. Nichols testified that he had the money to pay the clerk, but later said that the unknown woman paid for the transcript.